United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER LEE YOUNG,<br>Plaintiff,<br>v.<br>COUNTY OF ALAMEDA, et al.,<br>Defendants. | Case No. 25-cv-07739-PCP<br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH FURTHER LEAVE TO AMEND** |

Walter Young, an inmate at Santa Rita Jail in Dublin, California, filed a *pro se* civil rights action under 42 U.S.C. § 1983. Dkt. No. 1 ("Compl."). The Court reviewed the original pleading pursuant to 28 U.S.C. 1915A and dismissed it with partial leave to amend. Dkt. No. 11.

Mr. Young has filed a First Amended Complaint. Dkt. No. 13 ("FAC"). For the reasons stated below, the FAC is dismissed with further leave to amend. If Mr. Young chooses to file a second amended complaint, he must follow the instructions in this order.

**Background**

Mr. Young repeatedly referenced a class action that was filed before United States Magistrate Judge Cousins, accusing Santa Rita Jail of mistreating inmates with mental health diagnoses. *See* Dkt. No. 1*; see also Babu v. Ahern*, 18-cv-07677-NC (N.D. Cal.). A consent decree was entered in that action. *See* Dkt. No. 436, *Babu v. Ahern*, 18-cv-07677-NC (N.D. Cal. Feb. 7, 2022). The Court dismissed without leave to amend Mr. Young's claims for violation of the *Babu* consent decree. Dkt. No. 11 at 4. The Court explained to Mr. Young that these claims must be pursued with class counsel. *See id*. In the FAC, Mr. Young states that he has "worked with class counsel and ha[s] followed the Consent Decree's procedures for dispute resolutions and[/]or relief." FAC at 2.

United States District Court
Northern District of California

In his original complaint, Mr. Young complained that he was "sexually assaulted multiple times," and that he was "locked down," "targeted," "discriminated against," and "illegally strip[] searched." Dkt. No. 1. at 2. The FAC refers to these claims but does not provide any facts to support them. *See generally* FAC. The original complaint likewise did not provide any facts to support these claims, instead attaching dozens of pages of grievances. *See generally* Dkt. No. 1.

As defendants, Mr. Young for the second time names only the County of Alameda, the Santa Rita Jail, and the Alameda County Sheriff's Office. *See* FAC at 1.

**Legal Standard**

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**Analysis**

Mr. Young again has not stated any cognizable claim. Indeed, the FAC refers to claims for "'targeted,' 'discrimination,' 'illegal[] strip search[]', mentally, sexually, emotionall[y] and physically assaulted" without providing any supporting facts. *See* FAC at 2. Although Mr. Young argues that "all claims stated in [his] suit are cognizable," he does not provide any facts to support any claim. *See generally id*. If he chooses to amend, Mr. Young must provide facts to support his allegations. For each claim, Mr. Young must state **what** happened that caused him harm, **when** it happened, name the person **who** caused him that harm, and explain **why** that harm gives rise to a claim.

For the second time, Mr. Young has not identified any proper defendant. Mr. Young sues the County of Alameda, the Santa Rita Jail, and the Alameda County Sheriff's Office. FAC at 1. As the Court previously explained, to sue these entities on the claims alleged, Mr. Young must establish: "(1) that he possessed a constitutional right of which he [] was deprived; (2) that [Alameda County] had a policy; (3) that this policy amount[ed] to deliberate indifference to the

plaintiff's constitutional rights; and (4) that the policy [was] the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citations and quotation marks omitted) (explaining how a government agency may be held liable under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)). If a plaintiff cannot identify an unconstitutional policy of the government agency, the plaintiff must "produce evidence creating a triable issue of fact regarding the existence of an unconstitutional practice or custom." *Gordon v. Orange County*, 6 F.4th 961, 974 (9th Cir. 2021) (concluding no custom or practice was shown where the record lacked evidence of any other event involving similar conduct or constitutional violations). "[A] single incident of unconstitutional activity is not sufficient to impose liability under *Monell*." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985). Here, Mr. Young has not identified any policy or practice which caused the alleged deprivations of his constitutional rights. If he chooses to amend his claims against the currently named entity-defendants, he must identify such a policy or practice as to each defendant and each claim. Alternatively, Mr. Young may identify the individual officers who he believes caused him harm.

Mr. Young alleges that all his claims were grieved and were fully exhausted to the highest administrative level. *See* FAC at 2-3. For screening purposes, the Court will assume that all claims have been exhausted.

Mr. Young is reminded that he cannot pursue claims in this action which duplicate those raised in the *Babu* class action. *Cf*. FAC at 2 (referring to *Babu* class claims).

**Conclusion**

1. The First Amended Complaint is dismissed with leave to amend only as to claims which are stated against proper defendants, and which do not concern violations of the Consent Decree entered in the *Babu* class action. If he chooses to amend, Mr. Young must provide facts to support every claim he wishes to pursue and must identify a proper defendant to each claim.

2. Within thirty-five days of the date this order is filed, Mr. Young may file a SECOND AMENDED COMPLAINT. The second amended complaint must include the caption and civil case number used in this order (CV 25-7739-PCP (PR)) and the words SECOND AMENDED COMPLAINT on the first page. If Mr. Young files a second amended complaint, he

must allege facts that demonstrate he is entitled to relief on each claim. An amended complaint supersedes the original complaint. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262–63 (9th Cir. 1992) (where an amended complaint did not name all the defendants to an action, they were no longer defendants).

3. **Failure to file an amended complaint within the allotted time and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.** If Mr. Young needs an extension of time to amend his complaint, the extension must be requested **before** the deadline to amend has passed.

4. It is Mr. Young's responsibility to prosecute this case. Mr. Young must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 9, 2026

P. Casey Pitts
United States District Judge

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid. If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

The prisoner's name and case number must be noted on each remittance. The initial partial filing fee is due within thirty days of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc: Plaintiff/Petitioner

Court's Finance Office
United States District Judge